## RAND v. UPHAM.

To avoid a plea of discharge in bankruptcy, the plaintiff specified a fraudulent concealment of property as follows: " The defendant wilfully and fraudulently kept back and concealed certain property, money, effects, or rights of property in the hands of one Mary Fogg of Elliot, in the county of York, and State of Maine, of a large amount, to wit; one thousand dollars." Held insufficient.

DEBT on a judgment. The defendant pleaded his discharge in bankruptcy. The plaintiff replied that the defendant in obtaining his discharge was guilty of fraud and the wilful concealment of his property contrary to the provisions of the bankrupt act; and appended to his replication the following notice : "And the said Rand hereby gives notice to the said Upham, that he the said Rand on the trial of this action, will give in evidence and insist that he, the said Upham, in his proceedings under the act of Congress aforesaid, in obtaining the said supposed decree and certificate of the said District Court in his said plea mentioned, was guilty of fraud and the wilful concealment of his property, contrary to the provisions of said act of Congress, in this, to wit:

That the said Upham did not *bonâ fide* surrender all his property and rights of property, with the exceptions in said act mentioned, for the benefit of his creditors, but wilfully and fraudulently kept back and concealed a part thereof, to wit, certain property, money, effects, or rights of property, in the hands of one Mary Fogg of Elliot, in the county of York and State of Maine, widow, of a large amount, to wit, of the amount of one thousand dollars, contrary to the provisions of said act.

To this replication the defendant demurred, and assigned, as one cause of demurrer, that the replication did not specify what fraud or concealment of his property or rights of property the defendant was guilty of in obtaining his discharge.

*Jenness,* for the plaintiff.

*Hatch,* for the defendant.

Atkinson v. Scammon.

PERLEY, J. The Bankrupt Act, section 4, requires that the plaintiff, who relies on a fraudulent concealment of property to avoid a plea of discharge in bankruptcy should "give prior reasonable notice, specifying in writing such fraud or concealment." It has been held in this State that a proper mode of making this specification is by replication to the plea, and that, if the replication, when that course is taken, does not contain a sufficient specification of the fraud relied on, it is bad on demurrer. *Lampson* v. *Eastman*, Grafton, Dec. 1847, not yet reported.

Even if the notice appended to this replication can be taken as part of it, which is at least doubtful, no fraudulent concealment is here sufficiently specified. It cannot be understood to give the defendant the information, which the bankrupt act contemplates. The only act stated is, that the property was in the hands of Mary Fogg. Whether it consisted of lands, goods, money, or choses in action, or any, or all of them, is not explained. In *Lampson* v. *Eastman*, the plaintiff specified " a lot of hammers," as the property concealed ; and this, on demurrer, was held to be insufficient. No very minute or exact description of the property concealed would probably be required ; but we think this is not a sufficient specification of a fraudulent concealment; and there must be

*Judgment on the demurrer for the defendant.*